## William Fitzhugh v. A. J. Hall.

A judgment by default will be reversed on error to this court when it appears by the record, in connection with the calendar, that the defendant had not been served with process in time to require his appearance at the term of the court at which the judgment was rendered. (Paschal's Dig., Arts. 1506, 1508, Notes 592, 593.) For the language of our statutes about service, see *ante* Brown v. Robertson, 555.

Neither the law nor any decision of this court requires that a sheriff's return of service be made in the literal and precise language of the statute. A return showing that the sheriff "executed" the citation "by leaving with the defendant in person" copies, &c., is tantamount to stating that he had executed it by delivering to the defendant in person the copies, &c., and is a good return of service. (Paschal's Dig., Arts. 1433, 5121, Notes 545, 1122.)

Error from Collin. The case was tried before Hon. Nat. M. Burford, one of the district judges.

Suit on a promissory note for $205, brought by the defendant in error against the plaintiff in error.

The sheriff's returns upon the citation were as follows:
"Came to hand March 10, 1860." "Executed by leaving with the defendant, William Fitzhugh, in person, a copy of this citation, together with a certified copy of the petition accompanying this writ.

"MARCH the 15th, 1860.

"J. DUD. DOAK, Sheriff C. C.,
"By Y. H. FOSTER, Deputy Sheriff."

Judgment by default in favor of the plaintiff rendered March 23, 1860. The court commenced its session on the 19th of March, 1860. The law requires the citation to be served "at least five days before the first day of said return term, exclusive of the days of service and return." (Paschal's Dig., Art. 1506, Note 592.)

*John C. Easton,* for the plaintiff in error, cited Graves . v. Henderson, 22 Tex., 130, to show that the service was imperfect.

No brief for defendant in error furnished to the *Reporter.*

MOORE, C. J.—The return of the sheriff shows that the plaintiff in error, who was the defendant in the court below, was served on the 15th of March, 1860, with a citation, commanding him to appear and answer the petition filed against him at the next term of the District Court of Collin county, to be held on the third Monday of said month of March. From the calendar, it appears that the spring term of said court for the year 1860 com; menced its session on the 19th day of March. There had not, consequently, been such service of the citation upon the plaintiff in error as to require his appearance at that term of the court. The judgment rendered against him by default is therefore erroneous, and must be reversed, that he may have an opportunity, if he desire to do so,

of appearing and answering to the cause of action alleged against him.

The plaintiff's objection to the manner of service of the citation is not well taken. The sheriff shows by his return that he "executed" the citation "by leaving with the defendant, William Fitzhugh, in person, a copy," &c. This is certainly tantamount to saying that he had executed it by delivering to the defendant in person a copy of the citation, &c. Neither the law nor any decision of this court requires the return to be made in the literal and precise language of the statute.

The judgment is reversed, and the cause remanded for further proceedings.

REVERSED AND REMANDED.